UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk

ND OF CALIFORNIA

RECEIVED

AUG 2 2 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Date:  8/18/06

In Re: DIGITAL MUSIC ANTITRUST

MDL    1780

Your Docket #

3:06-2161 MHP

S.D. OF N.Y.

06-6284

Dear Sir:

    Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge PRESKA    for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

    Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J. Michael McMahon

By:
DOROTHY GURANICH
MDL Unit



RELEASED FOR PUBLICATION

DOCKET NO. 1780

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE DIGITAL MUSIC ANTITRUST LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation currently consists of nine actions listed on the attached Schedule A and pending in the following districts: four actions in the Southern District of New York, two actions each in the Central District of California and the Northern District of California, and an action in the Southern District of California.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, brought, respectively, by plaintiffs in a Southern District of New York action (*Seley*) and defendants[2] for an order centralizing this litigation in the Southern District of New York. No party opposes centralization. Plaintiffs in a Southern District of New York action and a District of District of Columbia potential tag-along action support transfer to the Southern District of New York. Plaintiffs in various actions[3] support transfer to the Northern District of California.

---

[*] Judge Miller did not participate in the decision of this matter.

[1] The Panel has been notified of sixteen additional related actions pending in the following districts: twelve actions in the Northern District of California, two actions in the Southern District of New York, and an action each in the District of District of Columbia and the Southern District of California. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Sony BMG Music Entertainment, Sony Corporation of America, Bertelsmann Music Group, Inc., Bertelsmann, Inc., Universal Music Group, Inc., Time Warner Inc., Warner Music Group Corp. and EMI Music North America.

[3] Plaintiffs supporting transfer to the Northern District of California are as follows: plaintiffs in two Northern District of California actions and two potential tag-along actions also pending there, plaintiffs in an action and a potential tag-along action in the Southern District of California, and plaintiffs in two Southern District of New York actions.

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions contain common allegations, on behalf of purported classes of indirect purchasers, that the various defendants illegally conspired to artificially fix or maintain the prices of digitally formatted music offered for sale on the internet in violation of 1) Section 1 of the Sherman Act, 15 U.S.C. §1, 2) various states' antitrust and consumer protection statutes, and/or 3) state common law such as unjust enrichment. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. Most defendants are headquartered in the Southern District of New York, and some relevant witnesses and documents may be located there. Moreover, this district enjoys the support of the defendants as well as some plaintiffs in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Loretta A. Preska for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY

# SCHEDULE A

MDL-1780 -- In re Digital Music Antitrust Litigation

### Central District of California

*Guy Williams v. Sony BMG Music Entertainment, et al.*, C.A. No. 2:06-1661
*Cato Thornton v. Sony BMG Music Entertainment, et al.*, C.A. No. 2:06-1748

### Northern District of California

*Dennis Bulcao, et al. v. Sony BMG Music Entertainment, et al.*, C.A. No. 3:06-1752
*Scott Ruth v. Sony BMG Music Entertainment, et al.*, C.A. No. 3:06-2161

### Southern District of California

*Richard Feferman, et al. v. Universal Music Group, Inc., et al.*, C.A. No. 3:06-378

### Southern District of New York

*Cindy Seley, et al. v. Universal Music Group, Inc., et al.*, C.A. No. 1:06-1887
*Jay S. Ewing, et al. v. Sony BMG Music Entertainment, et al.*, C.A. No. 1:06-2355
*Jason Candler v. Sony BMG Music Entertainment, et al.*, C.A. No. 1:06-2610
*Shannon Corkery v. Bertelsmann, Inc., et al.*, C.A. No. 1:06-2732